

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MCBURNIE, | No. 11-16267 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-08139-FJM |
| v. | |
| PRESCOTT, CITY OF, a body politic; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| ROBERT MCBURNIE, | No. 11-16316 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-08139-FJM |
| v. | |
| PRESCOTT, CITY OF, a body politic, | |
| Defendant - Appellant, | |
| and | |
| ERIC SMITH; et al., | |
| Defendants. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted November 5, 2012
San Francisco, California

Before: SCHROEDER, KLEINFELD, and BERZON, Circuit Judges.

**1.** We reverse the district court's summary judgment for defendants on McBurnie's First Amendment retaliation claim. "[T]he determination whether the speech in question was spoken as a public employee or a private citizen presents a mixed question of fact and law." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1129 (9th Cir. 2008). "[T]he scope and content of a plaintiff's job responsibilities can and should be found by a trier of fact . . . ." *Id.* Viewing the evidence at the time of summary judgment in the light most favorable to McBurnie as the nonmoving party, he raised a genuine and material dispute over whether his speech, and in particular, his communications with the Arizona Department of Occupational Safety and Health, were beyond the scope of his regular job duties.[1]

---

[1] We have observed that "the right to complain . . . to an independent state agency is guaranteed to any citizen in a democratic society regardless of his status as a public employee," and the employee does not lose that right "simply because [he] initiated the communications while at work or because they concerned the subject matter of [his] employment." *Freitag v. Ayers*, 468 F.3d 528, 545 (9th Cir. 2006).

2

Although we remand for further proceedings on this claim, we do so without prejudice as to whether defendants may file a renewed motion for summary judgment on the basis of the evidentiary record presented at trial.

**2.** The district court did not err in giving the jury a "but-for" causation instruction on McBurnie's FLSA retaliation claim. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).[2]

**3.** The district court erred in limiting the scope of McBurnie's FLSA retaliation claim as a matter of law and instructing the jury that it could only consider whether McBurnie's discharge was retaliatory. An action taken by an employer is retaliatory if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a" FLSA complaint. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks

---

[2] Our earlier cases are not to the contrary. In *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999) (en banc), the district court had given a "substantial motivating factor" FLSA retaliation jury instruction, but *Lambert* neither approves nor disapproves of that instruction, because it holds that retaliation was the but-for cause of plaintiffs' termination on the record. *See id.* at 1008-10. *Knickerbocker v. City of Stockton*, 81 F.3d 907, 911 (9th Cir. 1996), enunciated a dual motive standard, but then held that FLSA retaliation plaintiffs must show that "the adverse actions would not have been taken 'but for' the protected activities."

omitted) (construing Title VII anti-retaliation provision, which is substantially identical to FLSA anti-retaliation provision).

The district court concluded as a matter of law that all of the actions taken against McBurnie, short of his discharge, were too trivial to meet the material adversity standard. But from the evidence presented at trial, a reasonable jury could have concluded otherwise. McBurnie presented evidence of a department-wide email singling him out for his complaints about the overtime policy; heckling; ostracism; rescheduling and reassignment of job duties; loss of seniority for purposes of requesting vacation time; and surveillance by supervisors. Whether these actions occurred, whether they were retaliatory, and whether they were materially adverse under the particular circumstances of McBurnie's employment situation should be decided by a trier of fact. "[T]he significance of any given act of retaliation will often depend upon the particular circumstances," and an action that would be trivial in one employment context may be materially adverse in another. *Id.* at 69.

**4.** We affirm the district court's judgment as a matter of law for defendants on McBurnie's Arizona state law claim of intentional interference with contract. Under Arizona law, "[d]efendants who are acting within the scope of their authority, for the benefit of their employer, are the employer and cannot interfere

4

with their own contract." *Spratt v. N. Auto. Corp.*, 958 F. Supp. 456, 464 (D. Ariz. 1996) (citations omitted). The evidence at trial showed that defendants were acting within the scope of their authority when they terminated McBurnie's employment.

**5.** We affirm the district court's judgment as a matter of law for defendants on McBurnie's Arizona state law wrongful discharge claims. First, Arizona no longer recognizes a common law tort of wrongful discharge. *See Powell v. Washburn*, 125 P.3d 373, 380 (Ariz. 2006) (en banc) (recognizing supersession by statute of *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025 (Ariz. 1985) (en banc)); *see also Chaboya v. Am. Nat'l Red Cross*, 72 F. Supp. 2d 1081, 1092 (D. Ariz. 1999) (noting that "the Arizona Employment Protection Act, A.R.S. § 23-1501 et seq., overruled *Wagenseller* and limited the grounds under which an employee could claim wrongful discharge"). Second, McBurnie did not establish a predicate for statutory wrongful discharge under Arizona Revised Statutes § 23-1501. McBurnie alleged that he was terminated in violation of the Arizona Constitution. While Arizona's wrongful discharge statute bars termination "in violation of a statute of [Arizona]," A.R.S. § 23-1501(3)(b), or "in retaliation for . . . [t]he refusal by [an] employee to commit an act or omission that would violate the Constitution of Arizona," *id.* § 23-1501(3)(c), it does not bar termination in violation of the Arizona Constitution.

**6.** We reverse the district court's judgment as a matter of law on McBurnie's Arizona state law negligent infliction of emotional distress claim ("NIED"). Under Arizona law, lasting mental or emotional disturbances may establish NIED. *Harris v. Maricopa Cnty. Sup. Ct.*, 631 F.3d 963, 978 (9th Cir. 2011). NIED may lie in the employment context. *See Loos v. Lowe's HIW, Inc.*, 796 F. Supp. 2d 1013, 1020 (D. Ariz. 2011).

Viewing the evidence in the light most favorable to McBurnie and drawing all reasonable inferences in his favor, *see Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009), we conclude that a reasonable jury could have found that McBurnie suffered lasting emotional disturbances as a result of defendants' actions. McBurnie testified that he experienced difficulty eating, sleeplessness, anxiety, panic attacks, and headaches for the 18 months leading up to his termination and after his termination. His wife testified that he became depressed and withdrawn after his termination, sought some psychological treatment, and had panic attacks two to three times a month. Whether defendants were negligent in causing these disturbances, so as to establish NIED under Arizona law, should be decided by the trier of fact.

**7.** We reverse the grant of attorney's fees for work on an informal settlement of McBurnie's FLSA claim, which was never filed in court. When a plaintiff

6

brings a FLSA action in court, "[t]he court *in such action* shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). But "[n]o separate action is maintainable under [FLSA] for the collection of attorney's fees." *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966).

In sum, we affirm in part, reverse in part, and remand for further proceedings on McBurnie's First Amendment retaliation claim, FLSA retaliation claim, and Arizona state law NIED claim.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

McBurnie v. Prescott, 11-16267

KLEINFELD, Circuit Judge, dissenting:

I concur in parts 2, 4, 5, and 7.  I respectfully dissent from the rest. McBurnie had his day in court and lost.  Any error that resulted is harmless and is not grounds for reversal.  The majority further errs in remanding the negligent infliction of emotional distress claim when there was no evidence that the city breached a duty when it fired McBurnie.

McBurnie already had a six-day jury trial where the jury rejected his claim for retaliation under the Fair Labor Standards Act.  Any error that may have occurred when the judge refused to let certain other claims or theories of liability go to the jury was harmless error under Rule 61 since it did not affect McBurnie's "substantial rights."

The jury heard two accounts at trial.  McBurnie's was that he was mistreated by his supervisors for complaining about overtime, and that the city retaliated against McBurnie with trivial annoyances followed by termination.  The city's was that McBurnie was a bad employee who was picked for the routine layoff because

1

he was obstinate and refused to train a coworker. The jury accepted the city's account. The jury did not believe that McBurnie was fired for complaining about overtime, and it would not have believed that his complaint was the reason for any of the other supposedly adverse employment actions, such as increased supervision, and being transferred to another department after he himself requested transfer. Error, if any, was harmless. It made no difference that the jury never heard the First Amendment retaliation claim because the jury concluded that the city did not have a retaliatory motive for firing McBurnie.

Negligent infliction of emotional distress would not be a valid claim in the employment context in Arizona under Mack v. McDonnell Douglas Helicopter Co.[1] The elements of negligent infliction of emotional distress under Arizona law are 1) the defendant was negligent; 2) the defendant's negligence created an unreasonable risk of bodily harm to the plaintiff; 3) the defendant's negligence was a cause of emotional distress to the plaintiff; 4) the plaintiff's emotional distress

---

[1]Mack v. McDonnell Douglas Helicopter Co., 880 P.2d 1173, 1177 (Ariz. Ct. App. 1994) ("In the absence of a tort claim recognized by Wagenseller, Mack's effort, to enlarge his employment rights through the device of a negligence action, must fail.").

resulted in physical injury or illness.[2]  McBurnie lacked a prima facie case on at least the first three of the four elements.

[2]Revised Arizona Jury Instructions (Civil) 4th Negligence 9.